

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

FILED
NOV 16 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

October 30, 2006

BY FAX
Carlos Venegas, Esq.
625 Indiana Ave., NW
Suite 550
Washington, DC 20004

    Re: U.S. v. Alhaji Kamara
        CR 06-333

Dear Mr. Venegas:

    This letter sets forth the plea agreement this Office is willing to enter into with your client, Alhaji Kamara ("your client" or "the defendant"). The offer to enter into this agreement will expire on October 31, 2006. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below and return it to me. Upon our receipt of the executed document, this letter will become the plea agreement. The terms of the agreement are as follows:

    1. **Charges**. Your client agrees to admit guilt and enter a plea of guilty to one count of Bank Robbery, in violation of 18 U.S.C. § 2113(a). Specifically, the your client agrees to plead guilty to Count Two of the attached Information, which will be filed in the U.S. District Court for the District of Columbia.

    2. **Potential penalties, assessments, and restitution**. Your client understands that pursuant to 18 U.S.C. § 2113(a), Bank Robbery carries a maximum penalty of not more than 20 years in prison, a fine of not more than $250,000, under 18 U.S.C. § 3571(b)(3), or both, and a period of supervised release of not more than three years, 18 U.S.C. § 3583(b)(2). In addition, your client agrees to pay a special assessment of $100 to the Clerk of Court, U.S. District Courthouse, pursuant to 18 U.S.C. § 3013. In addition to the other penalties provided by law, the Court also must order that your client make restitution to any victim bank, that is, Bank of America, under 18 U.S.C. § 3663A. In addition, in accordance with 18 U.S.C. § 3663A(a)(3), your client agrees to make

restitution to PNC Bank. Restitution is payable immediately unless ordered otherwise by the Court.

3. **Additional charges**. In consideration of your client's guilty plea to Count Two of the Information, the government agrees to dismiss Count One of the Information at the time of sentencing. Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

4. **Factual Stipulations**. Your client agrees that the attached "Factual Proffer in Support of Guilty Plea" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the "Factual Proffer in Support of Guilty Plea" as a written proffer of evidence.

5. **Release/Detention pending sentencing.** Your client agrees not to object to the government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

6. **Waiver of constitutional and statutory rights**. Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including: the right to be indicted by a grand jury; the right to plead not guilty; and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear to testify and present other evidence on your client's behalf, and to choose whether to testify. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal the conviction.

Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering this plea of guilty, your client knowingly and voluntarily waives or gives up this right against self-incrimination.

Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the government agrees that a 2-level reduction would be appropriate, pursuant to §3E1.1(a) of the Sentencing Guidelines. Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the government agrees that an additional 1-level reduction would be appropriate, pursuant to §3E1.1(b) of the Sentencing Guidelines, because your

client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

      7. **Sentencing Guidelines Stipulations**. Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), and 3553(c) through (e), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual - 2005 Edition (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

      The parties agree that the defendant's Offense Level will be determined by the provisions contained in the Sentencing Guidelines, §2B3.1, "Robbery," and that, at a minimum, the Specific Offense Characteristics described below should apply. However, the calculations set forth below are simply an estimate, and are not binding on the Court or the U.S. Probation Office.

Bank of America Bank Robbery

| | |
|---|---|
| Base Offense Level - §2B3.1(a) | 20 |
| Property of Financial Institution - §2B3.1(b)(1) | + 2 |
| Death threat - §2B3.1(b)(2)(F) | + 2 |
| Total Offense Level | =24 |

      8. **Acceptance of Responsibility**. Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the government agrees that a 2-level reduction would be appropriate, pursuant to §3E1.1(a) of the Sentencing Guidelines. Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the government agrees that an additional 1-level reduction would be appropriate, pursuant to §3E1.1(b) of the Sentencing Guidelines, because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

      9. **Court Not Bound by the Plea Agreement** It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

10. **Court Not Bound by the Non-Mandatory Sentencing Guidelines**. It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

11. **Reservation of allocution**. Your client understands that the United States reserves its full right of allocution for purposes of sentencing in the federal charge. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

Your client also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. The United States reserves the right to appeal the sentence in this case.

12. **Prosecution by other agencies/jurisdictions**. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; U.S. Immigration and Customs Enforcement; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

13. **Breach of Agreement**. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

4

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

14. **No other agreements**. No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below and return the executed plea agreement to me. The original of this plea agreement will be filed with the Court.

Sincerely,

Jeffrey A. Taylor,
United States Attorney

Frederick W. Yette
Assistant U.S. Attorney

## Defendant's Acceptance

I have read this plea agreement and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above.

11/16/06
Date

_____
Alhaji Kamara

## Defense Counsel's Acknowledgment

I am Alhaji Kamara's attorney. I have reviewed every part of this plea agreement with him. It accurately and completely sets forth the entire agreement between defendant and the Office of the United States Attorney for the District of Columbia.

11/16/06
Date

_____
Carlos Venegas, Esq.