UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) | Crim. No.: 06-333(RJL) |
| ALHAJI KAMARA | ) ) ) ) | |

### DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA

Defendant, Alhaji Kamara, through undersigned counsel, respectfully requests that the Court, pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), permit him to withdraw the guilty plea that was entered on November 16, 2006.

In support of the Motion, undersigned counsel states:

1. On October 10, 2006, Mr. Kamara appeared before Magistrate Judge Deborah A. Robinson for his initial appearance. Mr. Kamara was in Magistrate Court charged in a felony complaint with one count of Bank Robbery in violation of 18 U.S.C. § 2113(a). Pursuant to the Government's request, Magistrate Judge Robinson ordered Mr. Kamara detained without bond pending a preliminary hearing. The Court scheduled the preliminary hearing for October 13, 2006.

2. On October 13, 2006, undersigned counsel moved to continue the detention hearing and agreed to exclude eighteen (18) days under the Speedy Trial Act. The Court continued the detention hearing to October 31, 2006. On October 31, 2006, undersigned counsel moved to exclude additional time under the Speedy Trial Act and continued the Detention Hearing to November 20, 2006.

3. On November 16, 2006, Mr. Kamara appeared before the Court for the entry of a

guilty plea. Mr. Kamara pled guilty to a criminal information that charged him with two counts of Bank Robbery in violation of 18 U.S.C. § 2113(a). The Court scheduled the Sentencing hearing for February 9, 2007.

4.     During the week of January 22, 2007 Mr. Kamara left a voicemail indicating his desire to withdraw his guilty plea. On February 1, 2007, undersigned counsel met with Mr. Kamara regarding his request to withdraw the guilty plea. After a thorough discussion regarding his request, Mr. Kamara was firm in his decision that undersigned counsel file a motion to withdraw the guilty plea.

## ARGUMENT

In exercising its discretion, there are certain factors the Court should consider. First, the court focuses on whether the defendant has asserted a viable claim of innocence. United States v. McCoy, 215 F.3d 102, 106 (D.C. Cir. 2000); United States v. Ford, 993 F.2d 249 (D.C. Cir. 1993); United States v. Loughery, 908 F.2d 1014 (D.C. Cir. 1990). At this point undersigned is not in a position to put forth a viable claim of innocence for the simple fact of Mr. Kamara's abrupt and unexpected decision to withdraw his plea. In order to make such a claim undersigned counsel will need additional time to review with Mr. Kamara the government's evidence and a potential defense.

Second, the court focuses on whether the delay between the guilty plea and the motion to withdraw has substantially prejudiced the government's ability to prosecute the case. United States v. McCoy, 215 F.3d 102, 106 (D.C. Cir. 2000); United States v. Ford, 993 F.2d 249 (D.C. Cir. 1993); United States v. Loughery, 908 F.2d 1014, 1017 (D.C. Cir. 1990). It is unlikely that the government would be prejudiced in its ability to prosecute Mr. Kamara. The delay between the guilty plea and the filing of the instant motion is not substantial to the point where the government

will have a difficult time preparing for a trial.

It is reasonable to assume that the government will be able to secure the presence of witnesses in the case for a future trial date. The civilian witnesses to the criminal events work in the Gallery Place/Chinatown neighborhood. The non-civilian witnesses are members of the Metropolitan Police Department. Indeed, if the witnesses are subpoenaed to appear before this Court they are legally bound to do so. Thus, it appears unlikely that the government will be substantially prejudiced if the Court were to permit Mr. Kamara to withdraw his guilty plea.

A motion to withdraw a guilty plea is governed by Federal Rule of Criminal Procedure 11(d)(2)(B) which provides in pertinent part [T]hat a defendant may withdraw a plea of guilty or nolo contendere:

    (1) before the court accepts the plea, for any reason or no reason; or

    (2) after the court accepts the plea, but before it imposes sentence if;

        (A) the court rejects a plea agreement under Rule 11( c) (5); or

        (B) the defendant can show a fair and just reason for requesting the withdrawal.

Mr. Kamara's significant history of mental health illness and his state of narcotic intoxication on the date of the charged offenses satisfies the "fair and just" requirement of Rule 11(d)(2)(B) in support of his request to withdraw the guilty plea.

Wherefore, for the foregoing reasons and for any other such reason as may appear to the Court in a full hearing on this matter, Alhaji Kamara respectfully requests that he be allowed to withdraw his guilty plea.

Respectfully submitted,

3

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Ave., N.W., Ste. 550
Washington, D.C. 20004

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) |
| v. | ) Crim. No.: 06-333(RJL) ) |
| ALHAJI KAMARA | ) ) ) ) |

**ORDER**

Upon consideration of the Defendant's Motion To Withdraw his Guilty Plea, it is hereby

**ORDERED** that Defendant's Motion is taken under advisement; and it is

**FURTHER ORDERED** that the Defendant's Motion To Withdraw his Guilty Plea will be heard in an Evidentiary Hearing to be scheduled by the Court.

**SO ORDERED**

_____                                                    _____
DATE                                                                    RICHARD J. LEON
                                                                              UNITED STATES DISTRICT JUDGE

Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004

Frederick W. Yette
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C.  20530