IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. :  06-333 (RJL)** |
| | : | |
| v. | : | |
| | : | |
| **ALHAJI KAMARA,** | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

## GOVERNMENT'S OPPOSITION TO
## MOTION TO WITHDRAW GUILTY PLEA

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendant's Motion to Withdraw His Guilty Plea. In support of its opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on this motion.

On November 16, 2007, the defendant pleaded guilty to one count of Bank Robbery. Pursuant to a written plea agreement, a second count of Bank Robbery was due to be dismissed at sentencing. The defendant has now moved to withdraw his guilty plea on grounds that his "significant history of mental health illness and his state of intoxication on the date of the charged offenses" constitute "fair and just" reasons for withdrawing a guilty plea, as required by Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure. The government opposes the defendant's request to withdraw his guilty plea.

"Although motions to withdraw a guilty plea before sentencing are often granted, relief is not a matter of right. . . .The district court's rejection of a withdrawal motion is reviewed for abuse of discretion." U.S. v. Shah, 453 F.3d 520, 521-22 (D.C. Cir. 2006)(citations omitted). In U.S. v. Curry, 344 F.Supp. 22, 25 (D.D.C. 2004), the district court set forth the three factors that should be considered in deciding whether to permit a defendant to withdraw his guilty plea before sentencing:

> First, a defendant generally must make out a legally cognizable defense to the charge against him. Second, and most important, the defendant must show either an error in the taking of his plea or some 'more substantial' reason he failed to press his case rather than plead guilty. Finally, if those two factors warrant, the court may then inquire whether the Government would have been substantially prejudiced by the delay in going to trial.

In this case, the defendant has not offered a defense to the charge against him. More importantly, he has not pointed to any error in the plea colloquy that took place at the time he pleaded guilty. The defendant has suggested that his mental health history and state of narcotic intoxication when he robbed the banks qualify as reasons for allowing him to withdraw his guilty plea. However, at this point at least, these claims are devoid of detail and merit. Moreover, the defendant has not suggested that at the time he entered his guilty plea he was either experiencing mental health issues or intoxicated. In other words, there is no indication that the defendant entered his guilty plea involuntarily, unknowingly, or without a factual foundation for the plea.

Finally, the government does not suggest that it would be substantially prejudiced if a trial is required, but that is the least significant of the factors the court should consider. The overarching consideration is that the defendant offer a "fair and just" reason to withdraw his guilty plea, and he has failed to do that. See, e.g., U.S. v. Jones, 472 F.3d 905, 909 (D.C.Cir. 2007)(defendant failed to offer a fair and just reason to withdraw guilty plea); U.S. v. Shah, 453 F.3d at 523 (lying to the

court about one's guilt during the plea hearing is not a fair and just reason to withdraw guilty plea).

Accordingly, the defendant's motion to withdraw his guilty plea should be denied.

          Respectfully submitted,

          JEFFREY A. TAYLOR
          United States Attorney


By: _____
     Frederick Yette, DC Bar # 385391
     Assistant U.S. Attorney
     Federal Major Crimes Section
     555 4th Street, N.W.
     Washington, D.C.  20530
     (202) 353-1666
     Frederick.Yette@usdoj.gov